## CHICAGO AND MEXICAN CENTRAL RAILROAD v. S. D. RITTER AND WIFE.

### COURT OF APPEALS, TYLER TERM, 1882.

*Right of Way—Condemnation of Land for Same—Damages—Evidence.—* In a suit by a railway company for condemnation of land for right of way, the company had the right to know how far the damages claimed, or any portion of them, were such as were shared by the community generally, and to have all such excluded altogether from the estimate of the damages claimed, and it was error in the court below, to refuse evidence on this point.

Appeal from Dallas county—Opinion by White, P. J.—This action was instituted by said railway company to condemn, for its right of way, a strip of land fifty feet in width, through

the farm of said S. D. Ritter and wife. Commissioners were duly appointed, the requisite notices given, and a hearing had before said commissioners. Counsel and witnesses for both parties being present, the result was an award against said railway company of $250, in full of all damages.

From the award, the appellee, Ritter, appealed to the County Court, and the jury in that court pronounced a verdict in his favor for $250, from which verdict and the court's judgment thereon, the railway company prosecutes this appeal. Upon the measure of damages and the manner in which they were to be determined, the court charged the jury, "that the defendant Ritter and his wife, are entitled to recover from the plaintiffs the actual value of the land appropriated and used by the plaintiffs for the construction of its road across their land. You will first determine this value from all the evidence before you on this point; then you will further determine from the evidence, the damages which the defendants will sustain, if any, by reason of the condemnation and use of their land for railroad purposes, and as to the benefit that will result, if any, to the remainder of their property by reason of the construction and operation of said railroad; and, in assessing the actual damages accordingly, estimating either the injuries or benefits above referred to, those injuries or benefits which the defendants sustain or receive, in common with the community generally, and which are not peculiar to them and connected with their ownership, use and enjoyment of the particular tract of land in controversy, are to be excluded from your consideration."

And again, they were instructed that "a correct rule to estimate damages, is to ascertain the value of defendants' whole tract of land without the railroad, and also what will be the value of the part not taken, after the road is constructed, and the difference in the value, if any, is the true compensation to be awarded as damages." Our statute prescribes the measure of damages as follows, viz: "When the whole of a person's real estate is condemned, the damages to which he shall be entitled shall be the market value thereof in the market in which the same is located." (Rev. Statutes, Art. 4194.)

"When only a portion of a person's real estate is condemned, the commissioner shall estimate the injury sustained and the benefits received thereby, by the owner as to the remaining portion of such real estate, whether such remaining portion is increased or diminished in value by such condemnation, and the extent of such increase or dimunition, and shall assess the damages accordingly." (Revised Statutes, 4195.)

"In estimating either the injury or the benefits as provided in the perceding article, these injuries or benefits which the owner of such real estate sustains or receives in common with the community generally, and which are not peculiar to him and connected with his ownership, use and enjoyment of the particular parcel of land, shall be altogether excluded from such estimate." (Revised Statutes, 4196.)

These rules of damage obtained in Texas before the adoption of the Revised Statutes. (See B. B. Brazos and Colorado R. R. Co., in Ferris 26 Texas, 588.)

When we compare the charge of the court with the provisions of the statute which we have quoted, we are of the opinion that the charge is in entire harmony therewith.

But it will be noted that both by the charge and the statute the jury are required in estimating the damages to exclude altogether from such estimate such damages as may be sustained by the community generally. Now on the trial defendant propounded to the witness, Ledbetter, the question: "Has Ritter suffered any greater injuries to his farm than are common to the neighbors, through whose lands said railway passes?" and the court refused to permit the question to be asked or answered. This, we think, was a legitimate subject of inquiry, and in excluding it the court erred. The defendant had the right to know how far the damages claimed, or any portion of them, were such as were shared by the community generally, and to have all such excluded altogether from the estimate of the damages to be claimed by plaintiffs.

For this error the judgment is reversed and the cause remanded.